IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:16-cv-00013-RLV-DCK

| | |
|---|---|
| JONATHAN BYNUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| VA REGIONAL OFFICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on consideration of Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (*See* Doc. 12). Also before the Court are Plaintiff's Motion for Entry of Judgment (Doc. 14) and Plaintiff's Motion for Paralegal Fees (Doc. 15). On December 15, 2016, this Court issued a *Roseboro*[1] Order giving Plaintiff until January 3, 2017 to file a response to Defendant's Motion to Dismiss. (Doc. 17). The time for Plaintiff to respond having elapsed, this matter is ripe for disposition.[2] For the reasons stated below, Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**, Plaintiff's Motion for Entry of Judgment (Doc. 14) and Motion for Paralegal Fees (Doc. 15) are **DENIED**, and Plaintiff's Complaint is **DISMISSED**.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).
[2] Subsequent to this Court's *Roseboro* order, Plaintiff filed a one-page document labeled as a "motion to compel, motion [of] prima facie evidence, motion to proceed as a veteran, and motion for a protective order." (Doc. 18). As this submission did not address any of the arguments raised in Defendant's Motion to Dismiss, the Court opted to construe Document 18 as labeled, rather than construing Document 18 as a response. Through an order issued by Magistrate Judge David C. Keesler, the Court denied the relief Plaintiff sought through Document 18. (Doc. 20).

1

**I.      BACKGROUND**

Plaintiff Jonathan Bynum, proceeding *pro se*, initiated this action by filing a Complaint naming the "VA Regional Office" in Winston Salem, North Carolina as the Defendant. (Doc. 1 at 1, 3-4). Bynum's Complaint is very sparse on factual allegations and the few factual allegations in the Complaint are challenging to piece together. It appears Bynum was a member of the North Carolina National Guard. (Doc. 1 at 6; *see also* Doc. 1-1 at 8, Doc. 12-1 at 1).[3] Bynum alleges that he was honorably discharged from service and that he presently suffers from "psychological injur[ies]," including post-traumatic stress disorder. (Doc. 1 at 3, 6; *see also* Doc. 1-1 at 9-10). The crux of Bynum's Complaint appears centered on one or more adverse veterans benefits determinations by the Secretary of Veterans Affairs (the "Secretary"), determinations which also proposed finding Bynum incompetent to handle any benefits dispersed by the Department of Veterans Affairs (the "Department"). (Doc. 1 at 2-3; *see also* Doc. 1-1 at 8-10, 16). Bynum further alleges that all of his civil rights have been violated since the date of his discharge from the National Guard. (Doc. 1 at 3). Finally, specific to the issue of exhausting his administrative remedies before filing this action, Bynum alleges that he attempted to file an administrative appeal following one of the adverse decisions but that the Department denied his appeal as "invalid." *Id.* at 5; (*see also* Doc. 1-1 at 11).

Bynum's Complaint attempts to raise four causes of action: (1) denial of procedural due process; (2) discrimination on the basis of disability, age, and race; (3) negligence; and (4) "civil death." (Doc. 1 at 3-4). Bynum seeks $20,000,000.00 in total damages, inclusive of back pay

---
[3] To the extent the Court cites documents attached to Bynum's Complaint and to Defendant's Motion to Dismiss, the Court does so only in an effort to properly construe the allegations in Bynum's Complaint for purposes of the Background section of the Court's order, and does not rely on any of these documents in reaching its disposition on the pending motions.

from the date of his discharge from the National Guard and $200,000.00 in "capital special damages." *Id.* at 6. Defendant's Motion to Dismiss suggests that Bynum's Complaint does not meet the pleading standard of Fed. R. Civ. P. 8 and argues that, to the extent the Court construes Bynum's Complaint as raising any actual causes of actions, (1) the doctrine of sovereign immunity bars the actions; (2) dismissal is proper under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted; and (3) dismissal is proper under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction over any action seeking review of the Secretary's adverse benefits determination(s). (Doc. 12 at 5-19).

## II. DISCUSSION

### A. Standards of Review

#### i. *12(b)(6) Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a claim based upon a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a motion to dismiss, a court must construe the complaint's factual allegations "in the light most favorable to the plaintiff" and "must accept as true all well-pleaded allegations." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994). A court, however, "'need not accept the legal conclusions drawn from the facts,'" nor "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir.2008) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir.2000)).

While Fed. R. Civ. P. 8(a)(2) does not require "detailed factual allegations," a complaint must offer more than "naked assertion[s]" and unadorned "labels and conclusions." *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009). In order to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the facts alleged must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Requiring plausibility "does not impose a probability requirement at the pleading stage" *id.* at 556, but does demand more than a "sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 662. Ultimately, a claim is facially plausible when the factual content allows for the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

In applying this standard, the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions[.]" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94; *Iqbal*, 556 U.S. at 679)). The rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 121 F. Supp.3d 560, 562 (W.D.N.C. 2015) (internal quotation marks omitted).

4

ii.     *12(b)(1) Standard*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim for lack of subject matter jurisdiction, a threshold issue a court *must address before* considering the merits of a case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff bears the burden of proof as to establishing jurisdiction but a court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant contends that the complaint "fails to allege facts upon which subject matter jurisdiction can be based . . . all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Finally, where a motion to dismiss raises the defense of sovereign immunity, the motion is properly treated as one arising under Fed. R. Civ. P. 12(b)(1). *Anderson v. United States*, 669 F.3d 161, 164 (4th Cir. 2011) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).

B.      Subject Matter Jurisdiction

To the extent Bynum seeks judicial review of the Secretary's adverse benefits determination(s), this Court lacks subject matter jurisdiction over the action. The doctrine of sovereign immunity denies a court of subject matter jurisdiction over suits against the United States, and its agencies, unless the Government consents to the suit. *Judkins v. Veterans Admin.*, 415 F. Supp.2d 613, 616 (E.D.N.C. 2005); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks, ellipsis and brackets omitted)). "A

waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

In not responding to Defendant's Motion to Dismiss, Bynum has not identified any statute explicitly waiving sovereign immunity and the statutes Bynum cites in his complaint as the basis for jurisdiction, 42 U.S.C. § 1983 and 42 U.S.C. § 1985, are neither jurisdiction-creating statutes nor statutes that create a cause of action against the United States or its agencies. This Court's review of the statutes governing claims pertaining to veterans benefits demonstrates that Congress has foreclosed this Court's ability to review the Secretary's decision to deny a claim for benefits by an individual veteran. The Department of Veterans Affairs Codification Act grants the Secretary final authority over veterans benefits determinations. Pub. L. No. 102-83, § 2, 105 Stat 378 (1991). Codified within Chapter 5 of Title 38 of the United States Code, the relevant portion of the Act states:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Of the exceptions in subsection (b), two are potentially relevant but both vest jurisdiction over a claim regarding veterans benefits in judicial bodies other than this Court. First, subsection (b)(1) permits judicial review of certain rules and regulations adopted by the Secretary but civil actions raising such challenges must be brought in the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 511(b)(1); 38 U.S.C. § 502. Thus, to the extent that Count One of Bynum's Complaint seeks to raise a procedural due process challenge to the rules and regulations governing the review of his claim for benefits, the claim, if it can be brought within 38

6

U.S.C. § 511(b)(1)'s exception to the finality of the Secretary's decisionmaking authority, must be brought in the Federal Circuit. *See Preminger v. Sec. of Veterans Affairs*, 632 F.3d 1345, 1351-52 (Fed. Cir. 2011) (noting exclusive jurisdiction over challenges to Secretary's rule and regulation authority under 38 U.S.C. §§ 552(a)(1), 553); *Beamon v. Brown*, 125 F.3d 965, 971-74 (6th Cir. 1997) (relying in part on 38 U.S.C. §§ 502, 511(b)(1) to conclude that district court lacked jurisdiction over procedural due process challenge to rules governing review and administration of veteran benefits).

Second, subsection (b)(4) permits judicial review of actions covered by chapter 72 of Title 38, which pertains to the review of veterans benefits determinations by the Secretary. 38 U.S.C. § 551(b)(4); *see also* Veterans Judicial Review Act of 1988, Pub. L. No. 100-687, 102 Stat. 4105 (creating judicial review of Secretary's adverse benefits determinations). Through the Veterans Judicial Review Act, Congress established an administrative and judicial review scheme for claimants receiving adverse benefits determinations on initial review by a regional office of the Department. *See Beamon*, 125 F.3d at 967 (discussing statutory scheme governing review of veterans benefits claims). Specific to the judicial review scheme, the Court of Appeals for Veterans Claims "shall have exclusive jurisdiction" over appeals from adverse decisions that have fully traversed the administrative scheme. 38 U.S.C. § 7252(a). Thereafter, the claimant or the Secretary may appeal a decision of the Court of Appeals for Veterans Claims to the Federal Circuit. 38 U.S.C. §§ 7291(a), (b), 7292. Furthermore, no law predating the Veterans Judicial Review Act permits a federal district court to assume jurisdiction over an action challenging the Secretary's adverse benefits determination. *See Univ. of Md. v. Cleland*, 621 F.2d 98, 100 (4th Cir. 1980) ("Judicial review of a denial of benefits to an individual is clearly precluded."). Accordingly, this Court lacks jurisdiction over (1) Bynum's Complaint to the extent that the Complaint seeks review

of the Secretary's adverse benefits determination(s); and (2) Count Three in Bynum's complaint as the Count alleges negligence on the part of the VA Regional Office in determining his claim for benefits. Therefore, for the foregoing reasons, Count One and Three of Bynum's Complaint, as well as those portions of Counts Two and Four seeking review of the Secretary's adverse benefits determination(s), are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

C. Failure to State a Claim

To the extent Counts Two and Four of Bynum's Complaint may be construed as raising causes of action that do not directly seek review of the Secretary's adverse benefits determination(s), dismissal is appropriate for failure to meet the pleading standard of Fed. R. Civ. P. 8(a), resulting in a failure to state a claim for purposes of Fed. R. Civ. P. 12(b)(6). Although Bynum styles Count Two as an action for discrimination on the basis of disability, age, and race, his Complaint neither alleges facts permitting the inference that he falls into a protected class with respect to race nor alleges any facts supporting his blanket assertion of discrimination on the basis of disability, age, and race. (*See* Doc. 1 at 3). To the extent Bynum seeks to raise a claim of discrimination that does not call for the review of a denial of benefits, the claim, however, may be salvageable through an amendment to the Complaint. Therefore, Count Two is **DISMISSED WITHOUT PREJUDICE**.

As to Count Four, no action for "civil death" exists. To the extent that the claim might be construed as a claim for wrongful death, Bynum's filing of his Complaint demonstrates that he has not died and the claim does not identify any third party who has died. *See id.* To the extent that allegations in Count Four, scant as they may be, allow the Count to be construed as a claim for civil rights violations under *Bivens*, a civil rights action under *Bivens* cannot be brought against the Department. *See Broadnax v. United States*, 2015 WL 9074637, at *5 (S.D.W. Va. Nov. 20,

2015) (collecting cases rejecting reliance on *Bivens* for creation of cause of action against Department). Accordingly, it is not apparent that any amendment to Bynum's Complaint could salvage Count Four. Therefore, Count Four is **DISMISSED WITH PREJDUICE**.

D. <u>Bynum's Motions</u>

Bynum filed a motion requesting the entry of a judgment in his favor, asserting that Defendant failed to file an answer to his Complaint. (Doc. 14). "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). Although Defendant did not file an answer to Bynum's Complaint, Defendant's Motion to Dismiss is a responsive pleading that raises a defense to Bynum's civil action. *See* Fed. R. Civ. P. 12(a)(4), (b). Furthermore, where the party against whom a plaintiff seeks a default judgment is the United States, or an agency of the United States, default judgment is only appropriate "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). In light of the forgoing analysis dismissing Bynum's action, Bynum has not satisfied Fed. R. Civ. P. 55(d)'s requirement for an entry of default judgment. Therefore, Bynum's Motion for Entry of Judgment (Doc. 14) is **DENIED**.

Separately, Bynum seeks recovery of paralegal fees and travel costs totaling $1690.00. (Doc. 15). Under the American Rule, absent a statute permitting recovery of legal fees and litigation costs, each party bears his or her own fees and costs. *In re Crescent City Estates, LLC*, 588 F.3d 822, 825-26 (4th Cir. 2009). Where Bynum has not prevailed in this matter, no statute permits him to recover his legal fees or litigation costs. Accordingly, Bynum's Motion for Paralegal Fees (Doc. 15) is **DENIED**.

### III. DECRETAL

**IT IS THEREFORE ORDERED THAT**:

(1) Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**;

(2) Plaintiff's Motion for Entry of Judgment (Doc. 14) is **DENIED**;

(3) Plaintiff's Motion for Paralegal Fees (Doc. 15) is **DENIED**; and

(4) Plaintiff Complaint is **DISMISSED** as specified within this Order and the Clerk is **DIRECTED** to remove the case from the Court's docket.

Signed: February 13, 2017

Richard L. Voorhees
United States District Judge